## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| IN RE:<br><br>Silvia Hurtado<br><br>Debtor(s) | )<br>) CASE NO. 18 B 30248<br>) Honorable Judge Jack B. Schmetterer<br>)<br>) CHAPTER 13<br>) |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. The Parties

1) The Debor is Silvia Hurtado ("the Debtor").

2) The Creditor is Park Tree Investments 15, LLC.

#### B. Factual Background

(1) On October 29, 2018, Silvia Hurtado filed a Petition for Relief under Chapter 13 of Title 11 of the United States Code in the Northern District of Illinois, Eastern Division, as case number 18-30248.

(2) Debtor, Silvia Hurtado is the owner of the real estate (hereinafter called "real estate") commonly known as 5640 S. Whipple Street, Chicago, Illinois 60629 (PIN # 19-13-110-042-0000).

(3) Federal National Mortgage Association ("Fannie Mae) holds the first mortgage lien on the real property known as 5640 S. Whipple Street, Chicago, Illinois 60629 with a secured claim of $221,109.99 pursuant to the proof of claim filed as Claim No. 8-1. Seterus is the servicer for this first mortgage lien.

(4) Park Tree Investments 15, LLC holds a second mortgage lien on the real property commonly known as 5640 S. Whipple Street, Chicago, Illinois 60629 with a secured claim of $53,505.48 pursuant to the proof of claim filed as Claim No. 2-1.

(5) On October 11, 2018, Norma Rivas of Maria Realty performed a comparative market analysis on the Debtor's property. Said comparative market analysis reflects the value of 5640 S. Whipple Street, Chicago, Illinois 60629 as $138,291.00.

(6) The Modified Chapter 13 Plan filed on March 17, 2019 provides that the Debtor will make monthly payments to the Chapter 13 Trustee in the amount of $375.00 per month for the next 36 months.

(7) Under the Modified Chapter 13 Plan, general unsecured creditors will be paid 10% of their allowed claim.

(8) On February 27, 2019, the Debtor filed a Motion to Determine Value of the Secured Claim of Park Tree Investments 15, LLC pursuant to 11 U.S.C § 506(a) and (d), 28 U.S.C §157 (b)(2)(K) and Fed. R. Bankr. P. 3012.

(9) On February 27, 2019, a Copy of Notice of Motion and Motion to Determine Value of Claim Secured by Lien was served in accordance with Fed. R. Bank. P. 7004, *via certified mail*, postage prepaid to:

   a. The Corporation Trust Company, Registered Agent for Park Tree Investments 15, LLC, 1209, Orange Street, Wilmington, Delaware, 19801; *via certified mail*

   b. Dean Engle, Owner/Managing Director, Park Tree Investments 15, LLC, 425 Divisadero St., Suite, 207, San Francisco, California, 94117; *via certified mail*

(10) The hearing on the Motion to Determine Value of Claim Secured by Lien was set for March 20, 2019. The hearing was continued to allow the Creditor, Park Tree Investments 15, LLC to file a responsive pleading.

(11) To date, Park Tree Investments 15, LLC has not filed an answer or responsive pleading.

(12) No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

(13) Furthermore, no evidence has been presented to challenge the property value of $138,291.00

(14) The first secured claim of Federal National Mortgage Association ("Fannie Mae") in the amount of $221,109.99 exhausts the value and equity in Debtor's residence.

## **CONCLUSIONS OF LAW**

### A. **Jurisdiction**

(1) This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

(2) This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b).

(3) Venue is proper in this district pursuant to 28 U.S.C. § 1409.

### B. **Argument**

(1) This action was initiated under 11 U.S.C. § 506(a) and Fed. R. Bank P. 3012.

(2) The Debtor's first secured claim of Federal National Mortgage Association ("Fannie Mae") is $221,109.99 and the second secured claim of Park Tree Investments 15, LLC is $53,505.48.

(3) The value of Debtor's residence is $138,291.00.

(4) The first mortgage lien exceeds the value of the subject property, $138, 291.00.

(5) Under 11 U.S.C. §§ 506(a) and 506(d), Park Tree Investments 15, LLC's junior mortgage lien would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Park Tree Investments 15, LLC's lien is void to the extent it is not allowed a secured claim. If the Debtor's Chapter 13 Bankruptcy case is dismissed then any lien voided under § 506(d) is reinstated. 11 U.S.C. 349(b)(1)(C).

(6) A majority of courts hold that a wholly unsecured junior mortgage is subject to a strip off pursuant to 11 U.S.C. § 506(d), not withstanding the anti-modification protection afforded holders of home mortgages in 11 U.S.C. § 1332(b). *See Nobleman v. American Savings Bank*, 508 U.S. 324 (1993).

(7) Because the second junior mortgage lien by Defendant is wholly unsecured, it should not be allowed a secured claim and the second junior mortgage lien may be stripped off. *See Pond v. Farm Specialist* Realty (In re Pond), 252 F. 3d 122 (2nd Cir. 2001); *McDonald v. Master Fin., Inc., (In re McDonald)*, 205 F.3d 606 (3rd Cir. 2000); *Bartee v. Tara Colony Homeowners Association (In re Bartee)*, 212 F. 3d 227 (5th Cir. 2000); *In re Tanner*, 217 F. 3D 1357 (11th Cir. 2000); *Zimmer v. PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); *In re Lane*, 280 F.3d 663 (6th Cir. 2002).

Enter:

Dated: 5/1/19

_____
United States Bankruptcy Judge

Manuel A. Cardenas and Associates, P.C
2059 N. Western Avenue
Chicago, IL 60647
(773) 227-6958